24-1478-cv
*Collins v. Fed. Express Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> BETH ROBINSON,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge*.*

───────────────────────────────────

SAM COLLINS,

> *Plaintiff-Appellant*,

> v.                                                              No. 24-1478-cv

FEDERAL EXPRESS CORPORATION,

> *Defendant-Appellee*.

───────────────────────────────────

───────────────────────

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                                    EMMET P. HIBSON, Law Office of Emmet
                                                  P. Hibson, Jr., Hamden, CT.

FOR APPELLEE:                                     DANIEL T. FRENCH, Federal Express
                                                  Corporation, Memphis, TN.

Appeal from a judgment of the United States District Court for the District of Connecticut (Oliver, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 25, 2024, is **AFFIRMED**.

Plaintiff-Appellant Sam Collins appeals from the grant of summary judgment in favor of Defendant-Appellee Federal Express Corporation ("FedEx") on his claims that FedEx violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Connecticut Fair Employment Practices Act ("CFEPA"). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Collins is a Black man who was born in 1958 and worked at FedEx from 2003 to 2020, most recently as a full-time Ramp Transport Driver ("RTD").[1] In April 2011, Collins reported to his supervisor that during a dispute a white FedEx mechanic called Collins "boy." The mechanic apologized and Collins agreed not to bring a formal complaint.

In September 2017, Collins reported to his supervisor that "[f]or the past few months [the mechanic] has been harassing me and bullying me about doing my job." App'x at 346. In particular, the mechanic parked his personal car in a way that made it difficult for Collins to move a truck in or out of the FedEx facility, and then responded in a hostile manner when Collins asked him to park somewhere else. Collins also described the 2011 incident in his statement.

Collins made several formal complaints to FedEx because of the mechanic's conduct, including a complaint under FedEx's Internal Equal Employment Opportunity ("IEEO") procedure alleging discrimination based on race and color. By November 2017, the mechanic was instructed to park his car in a different

---

[1] Background facts in this summary order are drawn from the summary judgment record and are either admitted, not in genuine dispute, or viewed in the light most favorable to Collins. *See Delaney v. Bank of America Corporation*, 766 F.3d 163, 167 (2d Cir. 2014).

location, out of Collins' way, and, on Collins' supervisor's instructions, they had no further interactions thereafter. The IEEO investigation closed in January 2018.

In January 2020, Collins was involved in two incidents during a delivery trip to Newark Airport. First, upon arrival at the FedEx facility, Collins "became upset" with another FedEx employee, Melvin Vasquez; Collins called Vasquez a "non-working clown" and told him to "keep walking" and to "shut up" when he tried to give instructions to Collins. App'x at 531–32. Later that day, Collins appeared frustrated when an employee of FedEx security contractor Allied Security required him to put his hat through the x-ray machine and empty his pockets before he could continue through the security checkpoint. Collins and one of the Allied Security officers bumped into one another while Collins was leaving the area—Collins insists that the contact was accidental. After he left the area, he returned and approached the security officer in a threatening way, causing a different security officer to intervene. Allied Security reported the incident to FedEx, which opened a workplace-violence investigation into both incidents that day.

On February 4, 2020, FedEx fired Collins after the investigation concluded that Collins was "disrespectful and verbally abusive" toward Vasquez and

"verbally abusive" toward the Allied Security employee in an incident that "became physical." App'x at 422. A FedEx internal review board upheld the termination decision.

Collins filed an IEEO complaint alleging racial discrimination on the basis of the 2017 incidents, an unrelated 2018 incident, and the 2020 termination. That investigation concluded on April 13, 2020, and did not substantiate Collins' charges.

On October 16, 2020, Collins initiated legal proceedings by filing an affidavit with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). He later sued in state court, and FedEx removed the complaint to federal district court. The district court granted FedEx summary judgment on all claims because Collins did not raise any legal arguments in his memorandum of law opposing FedEx's summary judgment motion and, alternatively, because summary judgment was warranted on the merits.

We review the district court's grant of summary judgment without deference to the district court's reasoning. *See Weinstock v. Columbia University*, 224 F.3d 33, 40 (2d Cir. 2000). Summary judgment is proper if, construing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as

5

to any material fact and the movant is entitled to judgment as a matter of law. *Id.* at 41. Even assuming Collins did not abandon his claims due to his inadequate briefing, we agree with the district court that Collins' claims do not survive summary judgment on the merits.

### 1. Aiding and Abetting Discrimination

The district court properly granted FedEx summary judgment on Collins' claim against FedEx for aiding and abetting discrimination in violation of the CFEPA. *See* Conn. Gen. Stat. § 46a-60(b)(5). That statute declares it unlawful "[f]or any person, whether an employer or an employee or not, to aid [or] abet" unlawfully discriminatory employment practices. *Id.* We agree with the district court that "an employer cannot be liable for aiding and abetting its own discriminatory conduct." *Farrar v. Town of Stratford*, 537 F. Supp. 2d 332, 356 (D. Conn. 2008) (collecting cases).[2] Though a plaintiff "may seek recovery from individual employees for illegally aiding and abetting discrimination," only FedEx

---

[2]  In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

6

is a defendant here.  *Id.*  Collins' complaint alleges that FedEx is liable for its *own* discrimination; it cannot also be liable for aiding and abetting its own conduct.

### 2. *Hostile Work Environment*

We also agree that Collins' hostile-work-environment claims are time-barred.  A hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (Title VII); *see also Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 41 (2d Cir. 2019) (same, for the ADEA); *Brittell v. Department of Correction*, 247 Conn. 148, 166–67 (1998) (same, for the CFEPA).  Title VII, the ADEA, and the CFEPA each require a prospective plaintiff to initiate charges within 300 days after the alleged hostile environment "occurred."  *Banks v. General Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023) (Title VII); *see In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 81–82 (2d Cir. 2023) (ADEA); *see also* Conn. Gen. Stat. § 46a-82(f)(1)(B).[3]  Because Collins filed

---

[3] The CFEPA applies a shorter limitations period—180 days—to allegedly unlawful acts that "occurred prior to October 1, 2019."  Conn. Gen. Stat. § 46a-82(f)(1).  Because we conclude that no actionable unlawful acts occurred within the 300 days preceding Collins' October 2020 CHRO complaint, any pre-October 1, 2019 claims subject to the shorter limitations period are also necessarily untimely.

his CHRO charge on October 16, 2020, any conduct occurring before December 19, 2019, is not actionable under the ordinary 300-day rule.

We reject Collins' argument that the otherwise time-barred course of harassment in 2011 and 2017 is actionable under the continuing violation doctrine. "Because a constellation of events over time can collectively give rise to a hostile environment claim, if an act contributing to the hostile environment occurs within the filing period, the hostile work environment claim is timely," and a defendant may be liable "for the entire time period of the hostile environment, including the period falling outside the limitations period." *King v. Aramark Services Inc.*, 96 F.4th 546, 560 (2d Cir. 2024). But here, the only adverse act within the limitations period was Collins' termination, and that act—undertaken by his supervisors in response to a complaint of workplace misconduct by Collins—was not part of the course of alleged harassment by the mechanic. *Cf. King*, 96 F.4th at 562 (holding that the plaintiff's termination might be part of continuing sexual harassment violation where harasser played an instrumental role in termination).

### 3. *Disparate Treatment*

The district court did not err in awarding FedEx summary judgment on Collins' claims of race- and age-based discrimination in connection with his

termination. We evaluate Collins' claims using a three-part burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (applying *McDonnell Douglas* burden-shifting to Title VII and ADEA discrimination claims); *see Brittell*, 247 Conn. at 164 (same, for the CFEPA). Collins may carry his initial burden by demonstrating (among other things) circumstances that "give rise to an inference of discrimination." *Weinstock*, 224 F.3d at 42. At this initial stage, Collins' burden is minimal, and Collins may proceed to the second step simply by producing evidence that FedEx treated Collins more harshly than it treated a similarly situated employee of a different age or race. *See id.*; *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). The comparator employee or employees must be similarly situated to Collins "in all material respects." *Graham*, 230 F.3d at 39.

Collins has not met that burden because he identified no employee—much less an employee of a different race or age—whom FedEx treated differently despite engaging in conduct of comparable seriousness. *See id.* Collins does not contest that in 2020 he "displayed unprofessional, rude, and combative behavior" toward an Allied Security officer and also "exhibited unprofessional and degrading language" toward Vasquez. App'x at 444. Nor does he identify another

9

instance of a FedEx employee engaging in similar conduct but receiving more lenient treatment.[4] That, combined with the uncontested fact that Collins' role was eventually filled by another Black man of roughly the same age, leads us to conclude that the district court properly granted summary judgment to FedEx on Collins' claims of race- and age-based discrimination.

### 4. Retaliation

Finally, Collins has failed to present sufficient evidence to connect his IEEO complaints to his termination, as necessary to support his retaliation claim. To meet his initial burden to establish unlawful retaliation, Collins must show that "(1) []he engaged in a protected activity; (2) h[is] employer was aware of this activity; (3) the employer took adverse employment action against h[im]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Summa v. Hofstra University*, 708 F.3d 115, 125 (2d Cir. 2013).

---

[4] Collins insists that there is a dispute of fact as to who initiated the confrontation between him and the Allied Security officer. That may be so, and we construe all disputed facts in Collins' favor. But regardless of who initiated that dispute, Collins has not demonstrated that the Allied Security officer (who was not employed by FedEx) was "subject to the same workplace standards" or engaged in conduct that rose to a level of "comparable seriousness" as Collins'. *Graham*, 230 F.3d at 40. Moreover, there is no evidence in the record on appeal about how FedEx may have disciplined the contracted security officer (even assuming that she was a different race or age from Collins).

Collins has not shown a causal connection between his protected activity at FedEx—complaints of discrimination—and his termination. "[T]emporal proximity between an employer's knowledge of protected activity and an adverse employment action" may be sufficient to establish causation, but generally "the temporal proximity must be very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (collecting cases). The Supreme Court held in *Clark County* that a gap of twenty months—shorter than the twenty-nine months in this case—is "by itself, no causality at all." *Id.* at 274. There is no reason in this case to conclude differently.

\* \* \*

For the above reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11